## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tracy Lee Cobb, | ) | C/A No.: 1:20-3024-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Governor Henry McMaster; South | ) | |
| Carolina Department of | ) | ORDER AND NOTICE |
| Corrections Director Bryan | ) | |
| Stirling; SCDC Medical Director | ) | |
| April Clark; and Warden Terrie | ) | |
| Wallace, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Tracy Lee Cobb ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Governor Henry McMaster; South Carolina Department of Corrections ("SCDC") Director Bryan Stirling; SCDC Medical Director April Clark; and Warden Terrie Wallace (collectively "Defendants"), alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

## I.    Factual Background

In his complaint, Plaintiff alleges Defendants have denied inmates recreation and severely limited their movement. [ECF No. 1 at 5]. He further states that three men are being housed in a cell. *Id.* Plaintiff claims state law prohibits lockdowns longer than 90 days, but he does not provide the relevant state law. *Id.* He alleges inmates are denied meals, sanitary living conditions without black mold, cleaning supplies, and clean clothes. *Id.*

Plaintiff claims gross negligence in COVID-19 testing and states he has tested positive for the virus. *Id.* at 6. Plaintiff states he has a softball-sized hernia and has not received surgery recommended by doctors yet, causing him agonizing pain. *Id.*

## II.    Discussion

### A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim

2

based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain

3

sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.    Analysis

1.    No allegations against Defendants

Plaintiff's complaint contains no factual allegations against Defendants. To the extent Plaintiff sues Defendants in their capacities as supervisors or related to their responsibility SCDC, he has failed to state a claim under § 1983. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

4

### 2.  Negligence

To the extent Plaintiff claims Defendants have been negligent, his claims fail. The law is well settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (noting that *Daniels* bars an action under § 1983 for negligent conduct).

### 3.  Claims Related to Plaintiff Only

To the extent Plaintiff seeks to bring claims on behalf of other prisoners housed at his correctional facility, his claims fail because he cannot represent others pro se. *Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for other prisoners).

Accordingly, Plaintiff's complaint is subject to summary dismissal.

### <u>NOTICE CONCERNING AMENDMENT</u>

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **September 15, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to

28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 1, 2020                             Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

6