# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Tracy Lee Cobb, ) | Civil Action No.: 1:20-cv-03024-JMC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Governor Henry McMaster; South Carolina ) | |
| Department of Corrections Director Bryan ) | |
| Sterling; SCDC Medical Director April ) | |
| Clark; and Warden Terrie Wallace, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Tracy Lee Cobb, proceeding pro se,[1] filed this civil rights action against Defendants Governor Henry McMaster, South Carolina Department of Corrections ("SCDC") Director Bryan Sterling, SCDC Medical Director April Clark, and Warden Terrie Wallace (collectively "Defendants") pursuant to 42 U.S.C. § 1983 seeking monetary damages based on Defendants' alleged violation of Plaintiff's constitutional rights, legislative rights, human rights, and civil rights. (*See* ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On September 22, 2020, the Magistrate Judge issued a Report and Recommendation (ECF No. 12) recommending that the court "dismiss the [C]omplaint with prejudice and without issuance and service of process. (*Id.* at

---

[1] "Because he is a pro se litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

6–7.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and dismisses the action with prejudice.

## I.     BACKGROUND

The Report sets forth the relevant procedural background, which this court adopts and incorporates herein without a full recitation. As a brief background, Plaintiff initiated the instant action in this court against Defendants on August 21, 2020, by filing a form Complaint for Violation of Civil Rights. (*See* ECF No. 1.) On September 1, 2020, the Magistrate Judge, after review, ordered Plaintiff to "bring []his case into proper form" (ECF No 6 at 1-2) and "correct the defects in his complaint by filing an amended complaint by September 15, 2020." (ECF No. 7 at 5.) On September 22, 2020, the Magistrate Judge issued the aforementioned Report recommending that the court dismiss the action in its entirety. (ECF No. 12 at 6–7.) Thereafter, on September 23, 2020, Plaintiff untimely filed another form Complaint for Violation of Civil Rights (the "Amended Complaint") which contained less allegations than the document deemed deficient by the Magistrate Judge.[2] (*See* ECF No. 14.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only

---

[2] The court observes that the Amended Complaint was submitted to the prison mailroom on September 17, 2020, making the pleading untimely even under the prison mailbox rule. (*See* ECF No. 14-1 at 1.) *See also United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988))). However, even if Plaintiff timely submitted the Amended Complaint, the court observes that Plaintiff's new allegations do not sufficiently address the deficiencies identified by the Magistrate Judge to create a viable pleading.

those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III.    ANALYSIS

A.    <u>The Magistrate Judge's Review</u>

In the Report, the Magistrate Judge referenced the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the procedural events relevant to the court's consideration of a dismissal under Rule 41(b), and the specific deficiencies in Plaintiff's allegations warranting summary dismissal of his Complaint. (*See* ECF No. 12 at 2–6.)

B.    <u>No Objections by Plaintiff</u>

The Magistrate Judge advised Plaintiff of his right to file specific written objections to the Report within fourteen (14) days of the date of service or by October 6, 2020. (ECF No. 12 at 8 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) However, Plaintiff did not file any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error

3

on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and **DISMISSES WITH PREJUDICE** the Complaint (ECF No. 1) against Governor Henry McMaster, South Carolina Department of Corrections Director Bryan Sterling, SCDC Medical Director April Clark, and Warden Terrie Wallace in this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The untimely submitted Amended Complaint (ECF No. 14) is of no effect.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

May 3, 2022
Columbia, South Carolina